Filed 3/18/15  P. v. Lorenzo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSE LORENZO,<br><br>     Defendant and Appellant. | 2d Crim. No. B255110<br>(Super. Ct. No. 2012036098)<br>(Ventura County) |

Jose Lorenzo appeals after a jury convicted him of street terrorism (Pen. Code,[1] § 186.22, subd. (a)), second degree robbery (§ 211), and assault with a deadly weapon (§ 245, subd. (a)(1)).  The jury also found true allegations that all three offenses were hate crimes (§ 422.75, subd. (b)), and that the robbery and assault were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  In a bifurcated proceeding, appellant admitted he had a prior serious felony conviction that qualified as a strike (§§ 667, subds. (a)(1), (b) - (i), 1170.12, subds. (a) - (d)).  The trial court sentenced him to a total term of 26 years in state prison.

On October 8, 2012, Derek Allen was living at a campsite in the river bottom in Ventura.  At about 1:00 a.m., he was riding his beach cruiser bicycle to the campsite when a group of five or six Hispanic males whistled at him.  The men

---

[1] All further statutory references are to the Penal Code.

surrounded Allen and he asked, "What's up?" One of the men responded, "It's hate nigger day." Allen, who is African-American, got off his bicycle and laid it on the ground along with a cooler he was carrying. As soon as he did so, the men started swinging at him but did not hit him. Allen returned to his bicycle and one of the men said, "Nice bike." Allen replied, "You ain't taking my bike." The men then "bombarded [him] with rocks[.]" One of the men, who was dressed in dark clothing and wearing a black baseball cap, pulled a gun from his waistband. Another one of the men took Allen's bicycle and rode away on it. When Allen tried to retrieve his cooler, one of the men picked it up and threw it at his head. Allen stepped back to avoid being hit. He walked away and called 911.

Ventura Police Officer Greg Knupp responded to the call. Officer Knupp was approaching the area where the incident occurred when he saw someone riding a beach cruiser bicycle. The rider appeared to see the officer and sped away. Officer Knupp then saw appellant, who matched the description of the suspects, walking up the street. The officer got out of his patrol car, drew his gun and ordered appellant to get on the ground with his hands in front of him. Appellant complied. After detaining appellant, Officer Knupp found a flashlight-style stun gun on the grass near the scene of the incident.

While other officers pursued the suspects, Officer Gilbert Pusen met Allen in front of a nearby store and took his statement. Allen identified appellant during an in-field showup as the man who pulled out a gun and took his bicycle. Allen also said that appellant had thrown a rock at his head. Allen told the officer that all of the men had said, "Fuck niggers, Avenue Gangsters," "[t]his is our shit," and "What you gonna do, nigger, Avenue."

Six days later, appellant saw a man he had never seen before riding his bicycle. The man gave the bicycle to Allen after he confronted him.

Two weeks after the incident, Allen identified Jose Contreras from a photographic lineup as the man who had thrown a rock and pulled a gun on him. The following January, appellant identified Contreras from a lineup. When questioned at

2

trial, Allen said he did not know if the man pictured in the photograph was one of his attackers and did not know the man's name.

Allen was familiar with the Ventura Avenue Gangsters gang. He said his life had been in danger as a result of his cooperation with the police but he was not in fear of retaliation. He admitted telling the police that he feared being labeled a "rat" and being killed if he testified against members of the gang. On cross-examination, he said he did not know appellant and had never seen him before. He claimed he was lying when he told Detective Pusen that he knew appellant from the neighborhood. He also testified that his bike had not in fact been stolen.

Allen initially failed to appear in court and a bench warrant had to be issued. About a week prior to his testimony, he told the police he did not want to testify because he had been threatened by Ventura Avenue Gangsters members and feared for his life.

Officer Patrick Lindsay testified as the prosecution's gang expert. Appellant and Contreras are both known members of the Ventura Avenue Gangsters, which is the largest street gang in the city. The gang's common activities include robbery and burglary. The current crimes were committed within the gang's territory and appellant had numerous gang-related arrests. Based on a hypothetical that tracked the facts of the case, Officer Lindsay opined that the crimes were committed for the benefit of, at the direction of, and in association with the Ventura Avenue Gangsters with the specific intent to further activity by members of the gang.

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On January 8, 2015, we advised appellant in writing that he had 30 days in which to personally submit any contentions or issues he wished to raise on appeal. We received no response.

3

We have examined the record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende, supr*a, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

4

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Lori E. Kantor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.